## REVELY v. HATCHER.

Court of Appeals of Kentucky.
Oct. 24, 1952.

Carl F. Eversole, Richmond, for appellant.

James Clay, Danville, for appellee.

CLAY, Commissioner.

Appellant brought this suit to have himself adjudged the fee-simple owner of property conveyed to him by appellee. He appeals from the judgment declaring him a mortgage lien holder.

In September 1945, a bank had foreclosed a mortgage on appellee's town lot. Before sale under the judgment, appellant paid off the bank's mortgage.

On September 11, 1945, appellee executed to appellant a deed wherein she conveyed him absolutely a fee-simple title to the property. However, at the same time the parties executed a collateral agreement. It recited that appellant had paid off the charges against the property in the amount of $1,763, and referred to the conveyance. It provided that the conveyance was made upon the following terms and conditions: (1) appellant was to permit appellee to occupy the property for her natural life, or until she defaulted in the obligations contained in the agreement. These obligations were that appellee would pay 6 percent interest on the amount expended by appellant, would keep the property insured, and would pay all taxes. (2) If appellee defaulted for as long a period as six months in the performance of any of the obligations above mentioned, appellant was to have the right to cancel the agreement and treat it as null and void, and thereupon would have the right of immediate and full possession of the property without demand or notice. (3) Appellee could pay the aggregate amount of $1,763, with accrued interest, at any time, and she could "reduce the amount due" by the payment of any sum at any time, and interest would be reduced proportionately.

The lawyer who drew these two instruments testified that they were intended to constitute a mortgage, and the instruments were drawn in the above form simply for the purpose of permitting appellant to foreclose his mortgage without court action.

It is appellant's contention that no mortgage relationship was created, but instead the two instruments constituted (1) an absolute conveyance with (2) an option to repurchase the property upon compliance with the terms set forth. His principal authorities are to the effect that a mortgage must be mutual; that is, both parties must have correlative remedies against each other. It is pointed out that under the agreement appellee did not promise to pay appellant at any time the principal amount he had advanced on the property.

While there was no express promise to pay in the agreement, it is clear the parties considered appellee was indebted to appellant. The agreement recites that appellee may reduce the amount "due". Nothing could be due unless there was a debt. The case of Spears v. Atkins, 284 Ky. 769, 145 S.W.2d 1064, is very similar to the present one. There the word "redeem" appearing in a contract executed simultaneously with an absolute conveyance was held to exhibit the existence of a debt. Under the rules of construction applied in that case, it is obvious to us that the two instruments here involved constituted a mortgage and were treated by the parties as such.

The exact time when appellee was required to repay the principal obligation under the agreement is not now important. More than a reasonable time has elapsed since the execution of the instruments, and appellant's right to enforce the mortgage has accrued. The court in its judgment, while recognizing appellant's right to enforce his lien, did not enter a judgment of sale. Further proceedings should be permitted and the court should enter such additional orders as are necessary to enforce appellant's rights.

The judgment is affirmed, with directions to permit further proceedings consistent with this opinion.